Thomas R. Emnett, Esq. Informal Opinion County Attorney No. 97-46 County of Tioga County Office Building 56 Main Street Owego, N Y 13827
Dear Mr. Emnett:
You have asked whether the positions of director of the Tioga County Veterans Agency and supervisor of the Town of Candor, located within the county, are compatible. You have explained that the director of the Veterans Agency is planning to run for the position of town supervisor and question whether, if elected, he may hold both positions.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
You have indicated that the position of director of the County Veterans Agency is part time and you have provided a statement of the duties of that position. Generally, the director supervises the work of the Veterans Service Agency which is engaged in assisting veterans and their dependents in obtaining benefits. The director personally interviews claimants in need of assistance and makes the necessary contacts with various Federal, State and local agencies to obtain benefits for veterans and their dependents. He secures documentary evidence necessary for the proper presentation of claims and represents veterans and claimants before various boards or officials. He has responsibility for preparing the annual budget of the agency, attends meetings of the county legislative body to make periodic reports and also makes reports to the New York State Division of Veterans Affairs. He arranges hospital stays for veterans and makes contacts with public and private welfare agencies.
The supervisor of a town is a member of the town board, which is the legislative body of town government. Town Law § 64. The town board exercises the powers and duties of the town on behalf of its residents and specifically is responsible for administration of town affairs and the enactment of necessary legislation. Id.; Municipal Home Rule Law § 10. The supervisor also exercises specific fiscal powers on behalf of the town which are quite extensive in the absence of a town comptroller. Town Law §§ 29, 125.
We see no incompatibility between these positions. We are not aware of any statutory prohibition on holding the two positions. One position is not subordinate to the other, nor is there a conflict between the duties of the positions. The town supervisor performs duties for the town as a separate governmental entity. The director of County Veterans Affairs provides services to veterans of the county including those residing within the Town of Candor. This is a function which he performs for the benefit of the veterans of the entire county regardless of residence within a particular municipality of the county.
We conclude that the positions of town supervisor and director of the County Veterans Agency are compatible and, therefore, may be held by the same person.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions